**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRE8 360, LLC and JOHN ZALLER, *Plaintiffs*, v. EXHIBITION HUB, INC. d/b/a EXHIBITION HUB US CORPORATION, EXHIBITION HUB US HOLDINGS, LLC and HAMZA EL AZHAR, *Defendants*. | Civil Action No.:  1:26-cv-03675 Removed from: Supreme Court of the State of New York, County of New York, Index No. 652165/2026 **JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454(a), Defendants Exhibition Hub, Inc. d/b/a Exhibition Hub US Corporation ("EH Inc."), Exhibition Hub US Holdings, LLC ("EH Holdings") (together, "EH"), and Hamza El Azhar ("El Azhar") (collectively, "Defendants"), provide notice that the civil action, captioned, *KRE8 360, LLC and John Zaller v. Exhibition Hub, Inc. d/b/a Exhibition Hub US Corporation, Exhibition Hub US Holdings, LLC, and Hamza El Azhar*, filed in the Supreme Court of the State of New York, County of New York, under Index No. 652165/2026 (the "State Action"), is hereby removed to this Court, the United States District Court for the Southern District of New York.  As grounds for removal, Defendants state as follows.

1.      Plaintiffs KRE8 360, LLC ("KRE8") and John Zaller ("Zaller") (collectively, "Plaintiffs") commenced the State Action on April 10, 2026, in the Supreme Court of the State of New York, New York County, under Index No. 652165/2026.  Pursuant to 28 U.S.C. § 1446(a), Defendants attach as **Exhibit 1** a true and correct copy of all process, pleadings, and orders served upon Defendants in the State Action prior to removal to this Court.

1

2.    The affidavits of service filed by Plaintiffs in the State Action (*see* Ex. 1 at 38–40 (NYSCEF Doc. Nos. 3–5)) indicate all three Defendants were served with the Complaint (Ex. 1 at 2–37 (NYSCEF Doc. Nos. 1–2; "Complaint")) in the State Action on April 14, 2026.

3.    Defendants removed this action less than 30 days after April 14, 2026.  Removal is therefore timely under 28 U.S.C. § 1446(b)(1), which requires removal within 30 days of service of the Complaint.

I.    **Removal is proper under 28 U.S.C. § 1441, and also independently under 28 U.S.C. § 1454(a), based on Plaintiffs' claims.**

4.    Removal is proper under 28 U.S.C. § 1441, and also independently under 28 U.S.C. § 1454(a), because Plaintiffs' claims arise under U.S. law.  To the extent any claim is not independently removable, this Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

5.    This case is a dispute over the ownership and right to exploit copyrights relating to certain immersive art exhibitions, some of which have been displayed across the U.S. and globally, between the company that developed and funded the creation of these exhibitions (EH Inc.) and its related entity (EH Holdings), and a former creative director that worked with EH (Zaller), including in connection with various immersive art exhibitions ("Works").  Of these Works, in particular, Plaintiffs claim in Count One of their Complaint that they solely own the copyrights relating to several Works, namely, *Titanic: An Immersive Voyage: 2024*, *Super Plush*, *Dinoverse*, *Dino Brick Adventure* and *Mind of a Serial Killer* (the "Registered Works"), which have allegedly been registered with the U.S. Copyright Office.  *See* Compl. at ¶¶ 73–80.

6.    Plaintiffs' Complaint asserts a series of claims arising out of EH Inc.'s development and commercialization of the Registered Works.  *See id.*  The Complaint asserts seven (7) causes of action:

a. Count One, against all Defendants, seeking a declaration of ownership of the copyrights in the Registered Works;

b. Count Two, against EH Inc., for alleged breach of a contract providing for payment for Zaller's services and creative contributions to the Registered Works;

c. Count Three, against EH Inc., for alleged breach of the covenant of good faith and fair dealing;

d. Count Four, against all Defendants, for an equitable accounting of revenues concerning the exploitation of the Registered Works and other works;

e. Count Five, against all Defendants, for alleged unjust enrichment;

f. Count Six, against all Defendants, for alleged *quantum meruit*; and

g. Count Seven, against Defendant El Azhar, for alleged fraud.

7.    Plaintiffs' Complaint studiously avoids pleading federal causes of action expressly, yet the substance of Plaintiffs' artful pleading confirms that Plaintiffs' claims arise under U.S. copyright law and are properly removed to this Court.

**A. Count One independently arises under the Copyright Act on the face of the Complaint and is removable under 28 U.S.C. §§ 1441(a), 1331, and 1338(a).**

8.    Although styled as a state law declaratory judgment claim, Count One of the Complaint arises under the Copyright Act on the face of the Complaint as pleaded, and removal is therefore proper under 28 U.S.C. § 1441(a).  Specifically, Count One alleges that the Registered Works are "registered under the Copyright Act of 1976 § 101, *et seq.*, as amended," and identifies each by its U.S. Copyright Office registration number: *Titanic: An Immersive Voyage, 2024* (Reg. No. TX 9-578-052); *Super Plush* (Reg. No. TXu 2-534-433); *Dinoverse* (Reg. No. TX 9-580-797); *Dino Brick Adventure* (Reg. No. TX 9-581-463); and *Mind of a Serial Killer* (Reg. No. TXu 2-536-297).  Compl. at ¶¶ 11, 59.  Count One asks the court to declare that Plaintiffs are the "exclusive copyright holders" of these federally registered works and that they hold the "exclusive

3

rights to distribute, publicly perform and display the copyrighted work[s]," rights *expressly* granted by the U.S. Copyright Act under 17 U.S.C. § 106.  *See* Compl. ¶¶ 76–80.

9.       This Court has original and exclusive jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a).  The Second Circuit's prevailing test under *T.B. Harms*, 339 F.2d 823 (2d Cir. 1964), still the controlling standard in this Circuit, provides that an action "arises under" the Copyright Act if "[1] the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, or [2] asserts a claim requiring construction of the Act, . . . or, [3] at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."  339 F.2d at 828; *accord Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 348–55 (2d Cir. 2000) (reaffirming and applying the *T.B. Harms* test).

10.       As pleaded, Count One satisfies *T.B. Harms* on each of the test's three independent prongs, although satisfying only one is necessary for proper removal of this claim.

11.       *First*, the judicial declarations Plaintiffs seek—that they hold "exclusive rights to distribute, publicly perform and display the copyrighted work[s]" (Compl. at ¶¶ 76–80), *i.e.*, a restatement of the exclusive rights enumerated in Sections 106(3)–(5) of the Copyright Act— necessarily determine the existence and scope of the rights and remedies expressly granted under the Copyright Act.  *See* 17 U.S.C. §§ 501–05.

12.       *Second*, resolving Count One will require construction of the Copyright Act, including its work-made-for-hire provisions (17 U.S.C. §§ 101, 201(b)) and, in the alternative, its joint-authorship provisions (17 U.S.C. § 201(a)).  Specifically, Plaintiffs may seek to style this case as a state law contract dispute over ownership, but the Second Circuit has long held that

4

ownership disputes turning on the Copyright Act's work-for-hire and joint-authorship provisions arise under federal law. *See Merchant v. Levy*, 92 F.3d 51, 55–56 (2d Cir. 1996) (joint-authorship claim arises under federal law); *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 86 (1st Cir. 2007) ("All of the federal circuit courts of appeal that have addressed the issue, including this one, agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." (citing, *inter alia*, *Merchant*, 92 F.3d at 55–56)); *RX Data Corp. v. Dep't of Soc. Servs.*, 684 F.2d 192, 196 n.1 (2d Cir. 1982) (work-made-for-hire ownership presents "a question of federal law requiring an interpretation of the Copyright Act"); *cf. Keith v. Scruggs*, 507 F.Supp. 968, 971 (S.D.N.Y. 1981). Plaintiffs already concede that the subject matter of the copyright registrations at issue is the product of a "Co-Production Agreement" whereby (i) Plaintiffs created concepts that (ii) Exhibition Hub produced. *See* Compl. ¶¶ 4-11, 56–59. Further, the relief Plaintiffs seek with regard to copyright ownership expressly extends to "any and all derivatives" of Plaintiff's "concepts," which necessarily includes the components contributed by Exhibition Hub's production. *See* Compl. at 34, Prayer for Relief at ¶ A; 17 U.S.C. §§ 101, 103, 106(2) (concerning derivative work rights); *Stewart v. Abend*, 495 U.S. 207 (1990) (discussing derivative work rights). As cited above, the Second Circuit and other circuits have repeatedly held that copyright-ownership disputes turning on these provisions arise under the Copyright Act.

13. *Third*, Count One presents a paradigmatic case in which the distinctive federal interest in uniform copyright ownership rules requires federal principles to control the disposition of the claim. *See T.B. Harms*, 339 F.2d at 828.

14. Plaintiffs' decision to package Count One as a state law declaratory judgment claim

does not alter its federal character.  The well-pleaded-complaint rule turns on the substance of the relief sought, ***not*** the label affixed to it.  In declaratory judgment actions, federal jurisdiction exists where the coercive action that the declaratory action seeks to anticipate would itself arise under federal law.  *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 19 (1983); *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950).  Here, the natural coercive action between the parties, whether brought by Plaintiffs as an infringement suit against Defendants based on Defendants' alleged exploitation of the Registered Works, or by Defendants as an infringement suit against Plaintiffs based on Plaintiffs' alleged use of works owned by EH Inc. as works made for hire or jointly authored works under the Copyright Act, would unquestionably arise under the Copyright Act. *See* 28 U.S.C. § 1338(a); 17 U.S.C. § 501.  Because Count One arises under the Copyright Act, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and removal is proper under 28 U.S.C. § 1441(a).  Plaintiffs' remaining claims (Counts Two through Seven) arise from the same operative facts—Plaintiff Zaller's contributions to the Registered Works under the Co-Production Agreement, the parties' arrangements for compensation for those contributions, and Defendants' exploitation of the resulting works—and accordingly fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

**B. In the alternative, Counts Five and Six are removable because they are completely preempted by § 301 of the Copyright Act.**

15.    Section 301(a) of the Copyright Act expressly preempts state-law claims that (i) involve works falling within the subject matter of copyright as defined in 17 U.S.C. §§ 102 and 103 and (ii) seek to vindicate rights equivalent to any of the exclusive rights granted to copyright owners under 17 U.S.C. § 106.  17 U.S.C. § 301(a); *see Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). When that two-part test is satisfied, the preempted state-law

claim is converted into a federal claim for purposes of the well-pleaded-complaint rule and is properly removed to federal court.

16.     Plaintiffs' claims primarily arise from and depend upon their assertion of ownership of the copyrights in the Registered Works, either directly, as in Count One, or indirectly, as in Counts Two through Seven, which seek compensation or enforcement of alleged agreements relating to Zaller's creative contributions to various Works, including the Registered Works.

17.     Indeed, Plaintiffs' Complaint itself admits that the purpose of its action is to "vindicate Zaller's rights to his intellectual property[.]"  Compl. at ¶ 71.

18.     At minimum, although styled as claims for unjust enrichment and *quantum meruit*, Plaintiffs' Counts Five and Six seek to vindicate rights equivalent, within the meaning of 17 U.S.C. § 301(a), to the exclusive rights provided to copyright owners under the U.S. Copyright Act, including, without limitation, § 106(3) thereof, which confers the right "to distribute copies or phonorecords of the copyrighted work to the public by sale[.]" 17 U.S.C. § 106(3).

19.     These claims are therefore completely preempted by the U.S. Copyright Act and are properly removed to this Court.  *See Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 208 (2d Cir. 2019) (state law claims that are completely preempted by federal law are properly removed to federal court); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004) (where there is complete preemption, "the preemptive force of federal law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

20.     This Court therefore has original jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a), rendering them properly removed under 28 U.S.C. §§ 1441 and 1454(a).  As

to the remaining counts of the Complaint, the facts underlying them form part of the same case or controversy and are therefore within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

**II.    Removal is independently proper under 28 U.S.C. § 1454(a) based on Defendants' counterclaims.**

21.    Removal is independently proper under 28 U.S.C. § 1454(a) because Defendants, within the time permitted by Fed. R. Civ. P. 81(c) (unless otherwise extended by consent of the parties), are asserting counterclaims arising under the Copyright Act, including claims for declaratory judgment of non-infringement, ownership under the work-made-for-hire doctrine under 17 U.S.C. § 101, and, in the alternative, ownership under the joint authorship doctrine. These counterclaims each require judicial interpretation and application of federal copyright law and each therefore provides a basis for federal jurisdiction under *T. B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) ("[A]n action 'arises under' the Copyright Act if and only if **[1]** the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, or **[2]** asserts a claim requiring construction of the Act, as in *De Sylva*, or, **[3]** at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."). They are therefore removable under 28 U.S.C. § 1454(a), which states, "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."  28 U.S.C. § 1454(a).

**A. Defendants' counterclaim for declaratory judgment of non-infringement.**

22.    Defendants' counterclaim for declaratory judgment of non-infringement will seek a determination that EH's production for the last three years of the Registered Works, most of

which EH continues to exploit to date, does not infringe any valid copyrights purportedly owned by Plaintiffs.  In substance, this claim is the mirror image of a coercive copyright infringement action that Plaintiffs could bring based on their asserted ownership of the Works.  Resolution of this claim necessarily requires application of federal copyright law, including principles governing ownership, protectability, and infringement, and thus arises under the U.S. Copyright Act.  This counterclaim is therefore removable.  *See Badhwa v. Veritec, Inc.*, 367 F. Supp. 3d 890, 907 (D. Minn. 2018) (finding sufficient controversy for declaratory judgment jurisdiction even though there was no express threat of infringement litigation and the removing party relied only on allegations in a pleading that discovery "may reveal" infringement); *Anand Vihar LLC v. Evans Grp. Inc.*, No. 8:16-CV-841-T-27TBM, 2016 WL 9526560, at *2–3 (M.D. Fla. July 6, 2016) ("Removal of Plaintiff's declaratory judgment action was proper because the Defendant *could* file a coercive action arising under federal law giving this Court subject-matter jurisdiction." (quoting *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1259 (11th Cir. 2003)).

23.     Defendants' declaratory judgment counterclaim for non-infringement is properly grounded in the controversy pleaded by Plaintiffs in the Complaint itself.  In particular, Plaintiffs seek "an accounting of all amounts collected by Defendants" for certain Registered Works over a three-year period.  Compl. at ¶ 81.  Plaintiffs' demand for revenue information as a remedy for their copyright declaration of ownership claim reasonably signals their intent to assert infringement-based damages and thus reflects a concrete dispute over Defendants' alleged unauthorized exploitation of those Works.  Moreover, Plaintiffs' demand for only "three years" of such information in particular reasonably signals its attempt to comply with the Copyright Act's provision stating, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b).

**B. Defendants' counterclaim for declaratory judgment of sole ownership under the work-made-for-hire doctrine.**

24.    Defendant's declaration of sole ownership under the work-made-for hire doctrine will seek a determination that any copyrightable contributions allegedly made by Plaintiffs in connection with any of the Registered Works were created as works made for hire, within the meaning of the Copyright Act, for the benefit of EH Inc., such that EH Inc., not Plaintiffs, is the author and sole owner of the Registered Works.  This claim turns on the application of 17 U.S.C. § 101, including whether the Registered Works fall within a statutory category of specially commissioned works ("a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas"), and whether the Registered Works were in any event created within the scope of an employment relationship between EH Inc. and Zaller.

25.    Because ownership under the work-made-for-hire doctrine is governed by federal copyright law, resolution of this claim necessarily requires interpretation and application of the Copyright Act and thus arises under federal law.  *See RX Data Corp. v. Dep't of Soc. Servs.*, 684 F.2d 192, 196 n.1 (2d Cir. 1982) ("Whether NYDSS has title to the copyrights because they are found to be 'works made for hire' under 17 U.S.C. §§ 101, 201(b) (Supp. IV 1980) would be a question of federal law requiring an interpretation of the Copyright Act."); *Pastime LLC v. Schreiber*, 705 F. Supp. 3d 95, 102–03 (S.D.N.Y. 2017) (holding declaration of ownership under work-made-for-hire doctrine arises under federal law (citing *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996)); *Cohen v. Versatile Studios, Inc.*, No. 13 Civ. 08280, 2014 WL 1584055, at *2 (S.D.N.Y. Apr. 21, 2014) ("[A] dispute that turns on whether a copyrighted work was created independently or as a 'work made for hire' is an *ownership dispute* that unquestionably arises

under the Copyright Act." (quoting *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 845 (D.C. Cir. 2002)).

26.     Removal of a counterclaim for a declaration of sole authorship is particularly appropriate where "there are conflicting stories about exactly who did what in creating" the works in question, which "will require construction of the Act's work-for-hire provisions, among other relevant sections." *DeCarlo v. Archie Comic Publications, Inc.*, 127 F. Supp. 2d 497, 505 (S.D.N.Y.), *aff'd,* 11 F. App'x 26 (2d Cir. 2001).

27.     Defendants note that their ability to describe this counterclaim in greater detail at this time is presently constrained by the absence of key information concerning the scope of Plaintiffs' alleged copyrights in the Registered Works.  In particular, Plaintiffs' claims are premised on its creation of the Registered Works, but Defendants have not seen the deposit copies associated with those registrations, which define the scope of the claimed Registered Works. Defendants requested those deposit copies from the U.S. Copyright Office, but have not yet received them.  Defendants request that Plaintiffs voluntarily supply copies to the defense (ideally before May 7, 2026) to facilitate timely, accurate, and comprehensive pleadings in this matter.

### C. Defendants' alternative counterclaim for declaratory judgment of joint ownership under the joint authorship doctrine.

28.     In the alternative, Defendants seek a declaration that, to the extent the Registered Works are deemed not to be owned solely by EH Inc. as works made for hire, they are jointly authored works under the Copyright Act, and EH Inc. is therefore a co-owner of any copyrights therein.  This claim turns on the application of federal law governing joint authorship, including whether the Registered Works were created by two or more authors with the intent that their contributions be merged into inseparable or interdependent parts of a unitary whole, and whether each contributor made independently copyrightable contributions.  *See Goodman v. Lee*, 815 F.2d

11

1030, 1031–32 (5th Cir. 1987) (joint authorship claim "clearly involves the application and interpretation of the copyright ownership provisions of 17 U.S.C. § 201(a)." (citing *T.B. Harms*, 339 F.2d at 828)); *see also Di Angelo Publications, Inc. v. Kelley*, 9 F.4th 256, 261 (5th Cir. 2021); *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 86 (1st Cir. 2007) ("All of the federal circuit courts of appeal that have addressed the issue, including this one, agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." (citing, *inter alia*, *Merchant v. Levy*, 92 F.3d at 55–56).

**D. In the further alternative, Defendants' counterclaim for declaratory judgment of sole ownership by written assignment under 17 U.S.C. § 204(a).**

29.    In the further alternative, to the extent the Registered Works are determined neither to be works made for hire under 17 U.S.C. § 101, nor jointly authored under 17 U.S.C. § 201(a), Defendants will seek a declaration that EH Inc. is the sole owner of any copyrights in the Registered Works by reason of an irrevocable written assignment from KRE8. Specifically, § 18 of the parties' Co-Production Agreement provides expressly that "[i]f it is ultimately determined that any Contributions are not works-made-for-hire, JZ hereby irrevocably assigns such Contributions to EH, including all copyrights therein and thereto and all renewals and extensions thereof." Resolution of this counterclaim turns on the application of 17 U.S.C. § 204(a), the federal-law provision governing the validity, scope, and effect of copyright transfers, which provides that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). Whether Section 18 of the Co-Production Agreement satisfies Section 204(a) of the Copyright Act's writing and signature requirements, the scope of the rights it conveys, and its

12

effect on the Copyright Office registrations Plaintiffs invoke, are all questions of federal law. This counterclaim accordingly arises under the Copyright Act and is independently removable under 28 U.S.C. § 1454(a). *See Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 348–55 (2d Cir. 2000); *T.B. Harms*, 339 F.2d at 828.

***

30.    Section 1454(d) does not require remand of any of Plaintiffs' claims since it requires remand only of those claims that are "neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress." 28 U.S.C. § 1454(d). Count One is itself a basis for removal under both 28 U.S.C. § 1454(a) and 28 U.S.C. §§ 1441(a), 1331, and 1338(a) for the reasons set forth in Section I.A, *supra*. Plaintiffs' remaining claims—for breach of contract, breach of the covenant of good faith and fair dealing, equitable accounting, unjust enrichment, *quantum meruit*, and fraud—turn on the same operative facts as the federal copyright issues: Zaller's contributions to the Registered Works he co-produced with Exhibition Hub (but which he still claims to solely own), the Co-Production Agreement that governs those contributions, the parties' compensation arrangements for them, and Defendants' alleged exploitation of the resulting works. Each of those claims accordingly forms part of the same case or controversy as Count One and Defendants' federal counterclaims and falls within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991). Considerations of judicial economy, convenience, fairness, and comity further support adjudication of all claims and counterclaims in a single federal forum, given that the federal copyright issues are central to the case and resolution of the ownership question will materially shape every state law count.

31.    Based on the foregoing, this Court has jurisdiction over each of Defendants' timely filed counterclaims in this action, under 28 U.S.C. §§ 1331 and 1338(a), rendering them properly removable under 28 U.S.C. § 1454(a).  Each remaining claim and counterclaim falls within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) for the reasons set forth above.

32.    Promptly after the filing of this notice, Defendants will file a notice with the Court in the State Action, advising Plaintiffs of the removal of this action in accordance with 28 U.S.C. § 1446(d).

33.    By filing this notice, Defendants do not waive any defense, including without limitation, any defenses specified in Fed. R. Civ. P. 12, or any other defense.

Dated: May 4, 2026                          Respectfully submitted,

                                            LEASON ELLIS LLP


                                            _____
                                            Cameron S. Reuber (CR7001)
                                            Tatsuya Adachi (TA1996)
                                            LEASON ELLIS LLP
                                            One North Lexington Avenue, Suite 1200
                                            White Plains, New York 10601
                                            Phone: (914) 288-0022
                                            Fax: (914) 288-0023
                                            reuber@leasonellis.com
                                            adachi@leasonellis.com
                                            lelitdocketing@leasonellis.com

                                            *Attorneys for Defendants*