LEASON ELLIS INTELLECTUAL PROPERTY ATTORNEYS

One N. Lexington Ave, Suite 1200
White Plains, New York 10601
T 914.821.3075
reuber@leasonellis.com

**Cameron S. Reuber**
PARTNER

October 14, 2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:__________
DATE FILED: 10/15/26

**VIA ECF**

The Honorable Victor Marrero
U.S. District Judge
U.S. District Court for Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *KRE8 360, LLC, et al. v. Exhibition Hub, Inc., et al.*, No. 1:26-cv-03675-VM (S.D.N.Y.)

Dear Judge Marrero:

We represent Defendants Exhibition Hub, Inc., Exhibition Hub US Holdings, LLC, and Hamza El Azhar (collectively, "Defendants"). Pursuant to Rule II.H of the Court's Individual Practices, Defendants respectfully request approval to file under seal Exhibit A to the Declaration of Cameron S. Reuber in Support of Defendants' Motion to Dismiss, which consists of a full copy of the Co-Production Agreement executed by Defendant Exhibition Hub, Inc. and Plaintiff KRE8 360, LLC (the "CPA"). Plaintiff did not attach the CPA to its First Amended Complaint ("FAC"), although the FAC seeks to enforce the CPA across numerous counts, and further, the parties have no agreement in place, and there is no order from the Court, concerning the treatment of confidential information in this case.

The Court is within its authority to grant Defendants' motion seal. Although there is a presumption in favor of providing the general public with access to judicial documents, the presumption of access is "not absolute." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 n.4 (2d Cir. 2006). Indeed, the Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

Moreover, the Court previously granted (Dkt. 27) Defendants' prior request to seal the CPA in connection with their motion to dismiss Plaintiffs' original Complaint. In any event, Defendants' reiterate for purposes of this motion that good cause exists for sealing the CPA for the reasons discussed below.

The sealing of the CPA is justified by both parties' interests in preserving the confidentiality of their sensitive business information and to otherwise protect their privacy interests. "[T]he presumption of access [to judicial documents] may be outweighed when there are considerations of the need to conceal confidential business information that could harm a defendant's competitive position or reveal a trade secret." *Ramirez v. Temin & Co., Inc.*, No. 1:20-cv-06258-ER, 2020 WL 6781222, at *3 (S.D.N.Y. Nov. 18, 2020). The Second Circuit recognizes that "the privacy interests of those resisting disclosure" may in some cases be sufficient to override the presumption of public access. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). More specifically, sensitive business information is consistently recognized as a countervailing factor that can prevail over the presumption of public access. *See id.* at 1051 ("Commercial

competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc*., No. 1:13-cv-02581-PKC-JLC, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021); *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 1:16-cv-06399-PKC, 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020) ("The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (confidentiality of information such as "internal corporate documents" sufficient to overcome presumption of public disclosure); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (granting motion to file under seal documents consisting of "highly confidential sales information, including pricing information"), *on reconsid. in part*, No. 1:13-cv-08171-JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015). The CPA contains sensitive business information, as well as other non-public information invoking both parties' legitimate privacy interests. Accordingly, the case law amply supports the sealing of these documents.

For the foregoing reasons, Defendants respectfully request that the Court grant the relief requested herein.

Respectfully submitted,

Cameron S. Reuber

cc: All counsel of record (via ECF)

Request **GRANTED.**
Defendants may hereby file under seal Exhibit A to the Declaration of Cameron S. Reuber in Support of Defendants' Motion to Dismiss (Dkt. No. 44).

**SO ORDERED.**

10/15/26

**DATE**

VICTOR MARRERO, U.S.D.J.